Mr. Charles L. Robinson, CPA, CFE Legislative Auditor Arkansas Legislative Auditing Committee 172 State Capitol Little Rock, AR 72201-1099
Dear Mr. Robinson:
I am writing in response to your request for an opinion concerning the City of West Helena's audit report for the year ended December 31, 2002. You state in this regard:
 The report noted that the City paid fees to John Walker's law firm for representing the Mayor, Johnny Weaver, in his individual capacity in the Dial v. Weaver court case.
 Apparently, the mayor was originally sued in both his official and individual capacities. It is our understanding that after a partial jury verdict, a settlement was reached. Subsequently, the city council failed to approve the settlement agreement. The plaintiff then added the City as a defendant in an attempt to enforce the settlement agreement. The City hired Don Trimble to represent the City and the mayor in his official capacity.
You then ask:
 May a municipality or other political subdivision pay the individual legal expenses for an officer or official sued in their individual capacity, as opposed to their official capacity?
RESPONSE
This question cannot be answered with a simple "yes" or "no," but instead must be considered in context to determine whether the officer was acting individually, outside of his or her official capacity. Cf. Op. Att'y Gen. 94-387 (regarding county's liability for attorney fees when an official is sued individually). Consequently, the mere fact that the official was named individually is an insufficient basis for determining whether the expenses were properly paid.
I am unable to answer this question for the additional reason that this particular matter involving Mr. Weaver's legal fees is currently the subject of a class action illegal exaction lawsuit. See Sullivan v. Cityof West Helena, et al., No. CIV-2002-13 (Phillips Co. Cir. Ct, Aug. 26, 2002) (order granting class certification), appeal of class certificationdismissed No. 02-1154 (Ark.Sup.Ct. May 29, 2003). In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are pending in the courts. See. e.g., Op. Att'y Gen. Nos.2002-031 and 96-138. I must therefore, consonant with this policy, respectfully decline to answer your question at this time.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh